# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LUIS TRUJILLO-MENDEZ,<br><br>    Defendant. | No. CR03-4112-MWB<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

       This matter comes before the court on defendant Luis Trujillo-Mendez's Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 (#41). In his motion, defendant Trujillo-Mendez asserts that he requested that his counsel file an appeal on his behalf and that his counsel refused. He thus contends that his counsel was ineffective in failing to file a notice of appeal on his behalf. The prosecution has filed a response in which it concedes that defendant Trujillo-Mendez did explicitly request that his counsel file an appeal on defendant Trujillo-Mendez's behalf and that counsel refused this request. The prosecution, therefore, acknowledges that defendant Trujillo-Mendez is entitled to relief on his motion.

       The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d

777, 780 (8th Cir. 2003). Defendant Trujillo-Mendez's argument is premised upon his counsel's alleged failure to file a direct appeal in opposition to his stated intentions. Persons convicted of crimes in federal district court have a right to direct appeal. *Evitts*, 469 U.S. at 396. In situations where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. *See Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (quoting *Robinson v. Wyrick*, 635 F.2d 757, 758 (8th Cir. 1981)); *see also Holloway*, 960 F.2d at 1356-57 (same); *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989) ("This Court has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255."); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n.3 (8th Cir. 1988) ("[D]eficient attorney performance in perfecting an appeal is prejudicial under the *Strickland v. Washington*, standard for determining ineffective assistance of counsel." (citation omitted)). Such a failure is considered to be prejudicial *per se* and the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. *See Holloway*, 960 F.2d at 1357.

Here, because it is uncontested that defendant Trujillo-Mendez instructed his counsel to file an appeal, this case is controlled by *Hollis v. United States* and *Holloway v. United States*, and this court is compelled to hold that the failure of defendant Trujillo-Mendez's counsel to file a notice of appeal constitutes ineffective assistance of counsel. Accordingly, defendant Trujillo-Mendez's § 2255 motion is **granted** in so far as he shall be permitted to file an out-of-time-appeal from his sentence. Defendant Trujillo-Mendez's current counsel is directed to file a notice of appeal **within ten days of the date of this order**. If defendant Trujillo-Mendez seeks to have counsel appointed to represent him on

appeal, he must file a motion with the Eighth Circuit Court of Appeals to have such counsel appointed.

**IT IS SO ORDERED.**

**DATED** this 13th day of February, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA